UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AURELIO T DAMIAN,

        Plaintiff (s),

  v.

CHASE BANK USA,

        Defendant(s).

No. **C 08-04034 SBA**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Saundra B. Armstrong.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 8/25/2008 | Notice of removal filed | |
| 11/12/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 11/26/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file | FRCivP 26(a) (1) Civil _L.R . 16-9 |

        Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov)

| | | |
|---|---|---|
| 12/3/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 3, 3rd Floor at 3:00 PM | Civil_L.R. 16-10 |

   *If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# JUDGE ARMSTRONG'S STANDING ORDERS
## REVISED 6/16/08

1.  Counsel are expected to consult and comply with all provisions of the Local Rules of Court relating to continuances, motions and all other matters.

2.  **Civil Law & Motion will be held at 1:00 p.m.,** on Tuesdays. Criminal Law & Motion will be held at 9:00 a.m. on Tuesdays. Civil matters shall not be noticed for hearing on a Tuesday following an official court holiday that falls on a Monday.

3.  The parties need not reserve a hearing date. However, the parties are advised to check the court's calendar at www.cand.uscourts.gov for the next available hearing date. Matter's are calendared on a first come first serve basis. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

4.  Before appearing for a matter before this Court all parties shall check the court's calendar at www.cand.uscourts.gov to confirm that their matters are still on calendar.

5.  **Meet and Confer Requirement;** All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement.

6.  **Summary judgment/ adjudication:** The parties are not required to file statements of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only one joint statement of undisputed facts signed by all parties shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

7.  **Proposed orders:** Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief of action which includes that the party requests the Court to adopt, a short statement of the rationale of decision including citation to authority.

8.  The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

9.  **Criminal Law & Motion will be held at 9:00 a.m.,** on Tuesdays. Prior to a plea being entered in a criminal case, a copy of the plea agreement must be submitted to chambers no later then the Friday before the plea is to be taken. All persons pleading guilty must complete an application for permission to enter plea of guilty, which is available on the Court's website at www.cand.uscourts.gov.

10. **In All "E-Filing" Cases Effective Immediately,** when filing papers in connection with any motion or case management conference, the parties shall, in addition to filing papers electronically, lodge with the Clerk's Office a printed copy of the papers by the close of business the following day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any other document with the Clerk's Office that has already been filed electronically. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

In addition to the requirements set forth in the Civil L.R. 16-10, counsel are expected to comply with the following:

### A. Filing Case Management Statements

Counsel are expected to comply with this Standing Order concerning the joint filing of the Case Management Statement. In preparing the Case Management Statement, the parties shall use the format enclosed herewith. Note that no party may submit a separate Case Management Statement. Disagreements among parties with respect to any of the matters contained in the Case Management Statement shall be set forth in the appropriate sections.

Counsel are further expected to file a Case Management Statement at least ten (10) days before each and every scheduled Case Management Conference conducted in this action. If there is no change in the status of the case from the time the last statement was filed, counsel shall indicate as such in a pleading and attach a copy of the most recently filed Case Management Statement to the pleading. Failure to timely file a Case Management Statement may result in sanctions.

### B. Appearance At The Case Management Conference

Each party shall be represented at the Case Management Conference by Counsel prepared to address all of the matters referred to in this and the Civil L.R. 16-10 (b), and with authority to enter into stipulations and make admissions pursuant to this and Fed. R. Civ. P. 16(a) and (c). Representatives of the parties may, but are not required to, attend. Unless otherwise specified, all Case Management Conferences shall take place via telephone. Plaintiff or his/her counsel is responsible for setting up the conference call. Plaintiff or his/her counsel will be notified of the date and time of the telephone conference call by Clerk's Notice shortly after the case is filed.

Any request to reschedule the above dates shall be made in compliance with Civil L.R. 16-2(e) and must be made at least ten days prior to the date sought to be modified. Counsel shall not contact the chambers of Judge Armstrong regarding requests to modify provisions of this Standing Order; all requests must be submitted in writing and served on all parties to the action.

The parties should be prepared to address and resolve at the Case Management Conference the following: Setting the date and the estimated length of the trial; Setting the date for discovery and motion cutoff; Setting the date to designate experts and other witnesses; Setting the date for the pretrial Conference.

Other matters which the Court will take up at the Case Management Conference, in addition to those specified in the Joint Case Management Statement and Proposed Order Form, will include the following:

1. **Jurisdiction:** Does this Court have subject matter jurisdiction over all of the plaintiff's claim(s) and defendant's counter-claim(s)? What is the bases of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?

      2.      **Substance of the Action:**  What are the factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counter-claims and plaintiff's defenses to the counterclaims?

      3.      **Identification of Issues:**  What are the factual and legal issues genuinely in dispute?

      4.      **Narrowing of Issues:**  What are the issues that can be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for a decision by motion?

      5.      **Motions:**  What are the motion(s) anticipated by the parties?

      6.      **Relief:**  What relief does the plaintiff seek?  What are the amount of damages sought by plaintiff's claim(s)?  What are the amount of damages sought by defendant's counter-claim(s)?  How are the damages computed?

      7.      **Discovery:**  What discovery does each party intend to pursue?  Can discovery be limited in any manner?  Are there any alternative methods available to obtain the necessary information?  Should a discovery order and conference be entered pursuant to Fed. R. Civ. P. 26(f)?

      8.      **Alternative Means of Disposition:**  Is the case suitable for reference to binding arbitration, to a master, or to a magistrate for trial?  Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

      9.      **Pretrial Conference and Trial Setting:**  Will this case be tried by a jury?  What is the anticipated length of trial?  Is it possible to reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence?  Is it feasible and desirable to bifurcate issues for trial?

      10.     **Related Cases:**  Are there any related cases pending before the judges of this Court?  See Civil L.R. 3-12.

      11.     **Cut-Off Dates:**  When are the earliest reasonable dates for discovery cutoff, motion cutoff, pretrial conference and trial?

      12.     **Settlement:**  What are the prospects for settlement?  Does any party wish to have a settlement conference with a magistrate?  How can settlement efforts be assisted?  See ADR L.R. 7-3.

      13.     **Other Matters:**  Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.  See Fed. R. Civ. P. 16(a) and (c).

**C.**      **Law and Motion Matters**

Law and Motion matters will be heard on Tuesdays at 1:00 p.m., in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California. Pursuant to Civil Local Rule 7-1, 7-2 and 7-3, all civil motions shall be noticed for a hearing not less than thirty-five (35) calendar days after service. The opposition and supporting papers shall be filed not less than twenty-one (21) days before the noticed hearing date. The reply shall be filed not less than fourteen (14) days before the hearing date. Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief sought and a short statement of the rationale of decision including citation of authority, that the party requests the Court to adopt. **All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement.**

Note that pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate motions without oral argument.

Opening and opposition briefs exceeding twenty-five (25) pages and reply briefs exceeding fifteen (15) pages may be filed only with leave of the Court seven (7) days before the filing date of the motion. See Civil L.R. 7-4(b).

Any pleading or brief sought to be filed with the Court after the required time, or in an improper manner or form, shall not be received or considered by the Court. Any attorney in violation of such requirements will be subject to other sanctions. Civil L.R. 1-4.

The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

The parties are not required to file a statement of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only one <u>joint</u> <u>statement</u> of undisputed facts signed by <u>all</u> <u>parties</u> shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

The parties need not reserve hearing dates. However, the parties are advised to check the court's calendar at www.cand.uscourts.gov for the next available hearing date. Matter's are calendared on a first come first serve basis. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f); Civil L.R. 1-4.

   s/SAUNDRA BROWN ARMSTRONG  
SAUNDRA BROWN ARMSTRONG  
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.